

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 14, 2008

**BY HAND**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:  **United States v. Borbon and Santana,**
      **07 Cr. 986 (WHP)**

Dear Judge Pauley:

        The Government respectfully submits this letter in response to defendant Raul Borbon's motion to suppress the physical evidence recovered by officers of the New York City Police Department ("NYPD") in connection with the defendant's arrest on May 19, 2007, and subsequent indictment for unlawful manufacture and distribution of a controlled substance.  The defendant moves to suppress [1] the physical evidence seized from his apartment because [a] the search was warrantless, and/or [b] the pertinent search warrant was false and misleading; and [2] "all statements made by the defendants" if made without proper <u>Miranda</u> warnings.  For the reasons to follow, the defendant's motions are meritless and should be summarily denied without any evidentiary hearing.[1]

**Background**

        On or about May 18, 2007, officers of the NYPD were patrolling in the vicinity of 2244 Creston Avenue.  Upon arriving at 2244 Creston, the officers questioned defendant Santana, pursuant to "Operation Clean Halls," which permits NYPD Officers to stop and question any person entering or leaving such a "Clean Halls" building to verify that person is there for a legitimate

---

        [1]    Defendant Johans Santana joins none of Borbon's motions.  (<u>See</u> Letter of Dawn Cardi, Esq. dated May 12, 2008).

Hon. William H. Pauley III
May 14, 2008
Page 2

purpose.  (<u>See</u> Sealed Complaint dated June 7, 2007 ("Compl."), ¶
2).  Santana told the Officers that he had just left Borbon's
apartment (6B), and the Officers went upstairs to verify that
Santana was entitled to be in the building.  (<u>Id.</u>).  Two of the
Officers proceeded to Borbon's apartment to verify the statements
of Santana.  One of these Officers was Police Officer Kurt Maier.

        Upon arriving at Borbon's apartment, Officer Maier
smelled a strong odor of marijuana coming from the defendant's
apartment.  (<u>See</u> Affidavit of Police Officer Kurt Maier dated May
19, 2007 ("Maier Aff."), at 3).  The Officers knocked on Borbon's
door, and Borbon opened it.  (<u>Id.</u>).  Officer Maier again smelled
marijuana coming out of the defendant's apartment. (<u>Id.</u>).  With
the apartment door ajar, Officer Maier saw several large bags of
Miracle-Gro, several black bags containing stalks of marijuana
plants, and books relating to "How to Grow Marijuana."  (Maier
Aff. at 3; Compl.. ¶ 4 (b)).  Having observed the presence of an
illegal drug operation, the Officers entered Borbon's apartment,
inside of which they observed more items related to the narcotics
trade, including mylar sheeting taped to the walls, industrial
air ducts, pots of dirt, 166 marijuana plants, lighting systems,
scales and various timers.  (Maier Aff. at 3; Compl. ¶ 4(c)-(f)).

        During this interaction with the Officers, Borbon
stated that there was a firearm inside his apartment.  (Maier
Aff. at 3).  And, indeed, there was -- the Officers observed a
loaded .22 caliber Beretta firearm, complete with a gun cleaning
kit, several rounds of live ammunition, and a bulletproof vest
liner within the premise.  (Compl. ¶ 4 (f); NYPD Property
Vouchers dated May 19, 2007 attached hereto.)

        Thereafter the Officers secured Borbon's apartment,
obtained a search warrant for Borbon's apartment from the
Honorable Megan Tallmer, Bronx Criminal Court, and returned
shortly thereafter to seize the above-mentioned evidence.  The
defendant was placed under arrest.

        The defendant is presently at liberty on bail.

Hon. William H. Pauley III
May 14, 2008
Page 3

## Discussion

Defendant Borbon asserts that, in connection with Officer Maier's application for the search warrant of Borbon's apartment, Officer Maier knowingly and/or recklessly withheld material information from the Honorable Megan Tallmer of the Criminal Court of Bronx County concerning: [1] his being "on patrol"; [2] his failure to tell the Judge "why" he was inside the defendant's apartment; [3] his ability (or lack thereof) to smell marijuana emanating from the defendant's apartment; [4] what Officer Maier could "really" see while standing outside the front door to the defendant's apartment. (See Def Mem. at 10-12). Because of these omissions, the defendant argues, the search warrant is invalid and the evidence obtained from the search should be suppressed.[2] Defendant's arguments are without merit and should be rejected.

**A.    Defendant Borbon Has Failed to Make a Substantial Preliminary Showing that P.O. Maier Made a False Statement Knowingly and Intentionally, or with Reckless Disregard for the Truth, and that that Statement was Necessary to a Finding of Probable Cause To Warrant a _Franks_ Hearing**

**1.    Applicable Law**

In _Franks_, the Supreme Court held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held." _Franks_, 438 U.S. at 155-56. "The _Franks_ standard is a high one." _Rivera_ v. _United States_, 928 F.2d 592, 604 (2d Cir. 1991). Because "[t]here is, of course, a presumption of validity with respect to [an] affidavit supporting [a] search warrant, [t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." _Franks_, 438 U.S. at 171. It is not sufficient to allege negligence or innocent mistake. _Id._ Furthermore, "[e]very statement in a warrant affidavit does not have to be true." _United States_ v.

---

[2]    While the defendant does not specifically demand a _Franks_ hearing, the Government responds as if he does.

Hon. William H. Pauley III
May 14, 2008
Page 4

Canfield, 212 F.3d 713, 717 (2d Cir. 2000) (internal quotation
marks omitted). Rather, to obtain a Franks hearing, a defendant
must make a substantial preliminary showing that: (1) the warrant
affidavit contains a false statement or material omission that
makes the affidavit misleading; (2) the false statement or
material omission was the result of the affiant's deliberate
falsehood or reckless disregard for the truth; and (3) the false
statement or material omission was integral or necessary to the
judge's probable cause finding. See, e.g., Franks, 438 U.S. at
171; United States v. Martin, 426 F.3d 68, 73 (2d Cir. 2005);
United States v. Singh, 390 F.3d 168, 183 (2d Cir. 2004); United
States v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003); Canfield,
212 F.3d at 717-18; United States v. Salameh, 152 F.3d 88, 113
(2d Cir. 1998); United States v. Campino, 890 F.2d 588, 591-92
(2d Cir. 1989) (affirming trial court's denial of Franks hearing
"because appellants failed to produce evidence of deliberate
falsehood or recklessness in the affidavit."). Allegations of
deliberate falsehood or of reckless disregard for the truth

> must be accompanied by an offer of proof. They should
> point out specifically the portion of the warrant
> affidavit that is claimed to be false; and they should
> be accompanied by a statement of supporting reasons.
> Affidavits or sworn or otherwise reliable statements of
> witnesses should be furnished, or their absence
> satisfactorily explained. Allegations of negligence or
> innocent mistake are insufficient.

Franks, 438 U.S. at 171 (emphasis supplied); see also Singh, 390
F.3d at 183-84 ("conjecture" concerning intentional or reckless
omission of information from affidavit not sufficient to warrant
a hearing).

    Omissions are less likely to present "'a question of
impermissible official conduct'" because allegations of omissions
may result in "'endless conjecture about investigative leads,
fragments of information, or other matters that might . . . have
redounded to defendant's benefit'" had they been included."
United States v. Lopez, No. 96 Cr. 105 (RSP), 1997 WL 567937, at
*2 (N.D.N.Y. Sept. 11, 1997) (quoting United States v. Atkin, 107
F.3d 1213, 1217 (6th Cir. 1997)). "[T]he mere intent to exclude
information is insufficient." Awadallah, 349 F.3d at 67-68
(citing United States v. Colkley, 899 F.2d 297, 300-01 (4th Cir.
1990)). As the Fourth Circuit stated in Colkley:

Hon. William H. Pauley III
May 14, 2008
Page 5

> An affiant cannot be expected to include in
> an affidavit every piece of information
> gathered in the course of an investigation.
> However, every decision not to include
> certain information in the affidavit is
> 'intentional' insofar as it is made
> knowingly.  If . . . this type of
> 'intentional' omission is all that <u>Franks</u>
> requires, the <u>Franks</u> intent prerequisite
> would be satisfied in almost every case . . .
> . [Rather,] <u>Franks</u> protects against omissions
> that are <u>designed to mislead</u>, or that are
> made in <u>reckless disregard of whether they</u>
> <u>would mislead</u>, the magistrate.

<u>Colkley</u>, 899 F.2d at 300-01 (emphases in original).  As the
Eighth Circuit has noted, "[r]arely will an unintentional
omission be grounds for <u>Franks</u> v. <u>Delaware</u> relief when complex
economic crimes are the subject of the investigation.  In such
cases, unless the government has lied to the issuing judge, the
suppression issue should turn on what was in the government's
affidavits, not on what defendants assert with the benefit of
hindsight the government should have known." <u>United States</u> v.
<u>Ozar</u>, 50 F.3d 1440, 1445-46 (8th Cir. 1995).

"To prove reckless disregard for the truth, the
defendant must prove that the affiant 'in fact entertained
serious doubts as to the truth' of the allegations." <u>United
States</u> v. <u>Ranney</u>, 298 F.3d 74, 78 (1st Cir. 2002) (quoting <u>United
States</u> v. <u>Williams</u>, 737 F.2d 594, 602 (7th Cir. 1984) (citing
<u>United States</u> v. <u>Davis</u>, 617 F.2d 677, 694 (D.C. Cir. 1979)
(holding that the First Amendment definition should be applied by
analogy in the <u>Franks</u> setting))); <u>Beard</u> v. <u>City of Northglenn</u>, 24
F.3d 110, 116 (10th Cir. 1994) (same)); <u>see</u>  <u>United States</u> v.
<u>Whitley</u>, 249 F.3d 614, 621 (7th Cir. 2001) (citation omitted);
<u>United States</u> v. <u>Millar</u>, 79 F.3d 338, 342-43 (2d Cir. 1996)
(upholding denial of <u>Franks</u> hearing where there was no evidence
of "deliberate prevarication"); <u>United States</u> v. <u>Rivera</u>, 728 F.
Supp. 250, 258 (S.D.N.Y. 1990) (Mukasey, J.), ("If [the affiant]
made statements which failed to take account of the facts as he
knew them, or which he <u>seriously doubted</u> were true, that would
show reckless disregard for the truth.") (emphasis added),
<u>vacated on other grounds</u>.  "Because states of mind must be proved
circumstantially, a fact finder may infer reckless disregard from
circumstances evincing obvious reasons to doubt the veracity of
the allegations." <u>United States</u> v. <u>Perez</u>, 247 F. Supp. 2d 459,

Hon. William H. Pauley III
May 14, 2008
Page 6

473 (S.D.N.Y. 2003) (quoting United States v. Whitley, 249 F.3d 614, 620 (7th Cir. 2001)).  "'Allegations that amount to negligence or innocent mistake do not constitute the required showing.  The focus is not on whether a mistake was made, but rather the intention behind the mistake.'"  United States v. Cook, 348 F. Supp. 2d 22, 29 (S.D.N.Y. 2004) (citing United States v. Markey, 131 F. Supp. 2d 316, 324 (D. Conn. 2001)).

        The law is also well-established that simple failure to fully investigate is not sufficient for the required showing of reckless disregard.  In Ranney, for example, the First Circuit upheld the denial of a Franks hearing where the warrant affidavit incorrectly stated that a company involved in telemarketing fraud did not have access to a supplier's patented products, thereby precluding the company involved in the fraud from acquiring those products from another supplier.  Defendants claimed that the affiant should have checked to see whether the information that the company employee had supplied about the supplier's alleged patent was, in fact, correct.  The Court held that, "[a]lthough [the affiant] could have made such an investigation, defendants have shown no circumstances indicating that he had reason to doubt the patent's existence.  Under the circumstances, his failure to probe further does not amount to reckless disregard." Ranney, 298 F.3d at 78.

        Similarly, in United States v. Dale, 991 F.2d 819 (D.C. Cir. 1993), the court held that, "in general, the failure to investigate fully is not evidence of an affiant's reckless disregard for the truth."  Id. at 844 (citing United States v. Miller, 753 F.2d 1475, 1478 (9th Cir. 1985); United States v. Mastroianni, 749 F.2d 900, 909-10 (1st Cir. 1984); United States v. Young Buffalo, 591 F.2d 506, 510 (9th Cir. 1979)).  In Dale, the court observed that, "probable cause 'does not require an officer to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence.'" Dale, 991 F.2d at 844 (quoting the lower court's ruling).  The Dale court further noted that the failure of the affiant to contact individuals who had a business relationship with the subjects of the investigation in an effort to corroborate information contained in the affidavit "may have been entirely prudent given the possibility of a leak" to the subjects' corporation.  Id.  The court concluded, "[r]ather than evincing a reckless disregard for the truth, the agent's actions amounted to at most negligence which is insufficient to warrant a Franks hearing."  Id. (citing Franks, 438 U.S. at 171) (emphasis in original).  Likewise, in Miller, the court held that the affiant

Hon. William H. Pauley III
May 14, 2008
Page 7

did not act with reckless disregard for the truth when he failed
to uncover a confidential informant's prior conviction for
perjury. Miller, 753 F.2d at 1478 (although "[i]t might have
been prudent for the federal agents to check on [a confidential
informant's] background and criminal record, [] their failure to
do so is not reckless disregard.").

        In Young Buffalo, the defendant asserted that an
affiant exhibited a reckless disregard for the truth when he
included information in a warrant affidavit alleging that the
defendant possessed a motorcycle and car similar to vehicles used
by a robber matching the defendant's description to flee the
scene of his crimes, without conducting further investigation
when he knew that the defendant's motorcycle had been in an
accident prior to the robbery in question, and even though
investigation would have revealed that: (1) the motorcycle had
been destroyed in that accident, and (2) the description of the
get away car (white over maroon) was the inverse of the
description of the car the defendant had rented. Young Buffalo,
591 F.2d at 510. The Court found that, "[the affiant's]
knowledge of the motorcycle accident raised no duty to inquire
further. Appellant's ownership of the motorcycle was just one of
many facts linking him to the robberies and failure to
investigate all details showed no reckless disregard for the
truth. Even if we were to find that the information possessed by
[the affiant] was enough to create a duty of further inquiry,
these assertions at best raise the possibility of negligence on
his part." Id. at 510 & n. 6.

    2.    Discussion

        The defendant makes sweeping, unsupported, conclusory
allegations about Officer Maier's knowledge -- the kinds of
assertions that cannot serve as the basis for granting a motion
for a Franks hearing. See, e.g., Franks, 438 U.S. at 171; Singh,
390 F.3d 183.

        First, defendant's self-serving statements that his
ventilation system made it "impossible for the police to have
smelled marijuana . . . [b]ecause of the ventilation system
inside my apartment was set up to expel any odor outside of the
apartment building" and "[s]ince I had the lights off inside the
apartment both times that I answered the door, the police could
not have seen inside the apartment" have no bearing on the facts
before Judge Tallmer as sworn to by Officer Maier. (See Aff. of
Raul Borbon dated May 5, 2008 (attached to Def. Mem.) ¶¶ 9-11).

Hon. William H. Pauley III
May 14, 2008
Page 8

And the defendant's wide-sweeping statements are founded upon
nothing concrete other than the defendant's own ipse dixit.
Judge Tallmer credited what Officer Maier smelled and saw, and
granted a search warrant based (in part) on those observations.

          Second, the defendant's reliance on certain facts he
styles as "misrepresentations" is an exaggerated red herring.
Specifically, the defendant contends that Officer Maier did not
tell the Judge "why" he was inside the defendant's apartment (Br.
11) and, therefore, exhibited a "reckless disregard" for the
truth.  Similarly, he asserts that Officer Maier should have told
Judge Tallmer "why" he was outside Borbon's apartment.  (Br. 11).
 Neither of defendant's purported examples are
misrepresentations.  Officer Maier did lie about why he was at
2244 Creston; and he certainly did not mislead the Court.  If
anything, the facts on which the defendant relies were immaterial
omissions that do not come close to calling into question the
validity of the search warrant.  See Canfield, 212 F.3d at 717
("Every statement in a warrant affidavit does not have to be
true."); Ozar, 50 F.3d at 1445-46 (stating that unintentional
omissions are rarely grounds for Franks relief, unless the
government has lied to the issuing judge).

          Third, the defendant makes several assertions that are
unsupported by an individual with personal knowledge.  For
example, contrary to the defendant's assertions (Br. 11), Officer
Maier was "on patrol" in the vicinity of 2244 Creston Avenue.
(See Sealed Complaint sworn to by Det. Manuel Madera dated June
7, 2007, ¶ 2 ("On or about May 18, 2007, three NYPD Officers were
patrolling in or around 2244 Creston Avenue . . .").

          In sum, the defendant's attack is nothing more than
conclusory and represents a desire to cross-examine in advance of
trial.  Accordingly, because the defendant has failed to make any
preliminary showing that warrant affidavit contains a false
statement or material omission that makes the affidavit
misleading; the false statement or material omission was the
result of the affiant's deliberate falsehood or reckless
disregard for the truth; and the false statement or material
omission was integral or necessary to the judge's probable cause
finding, defendant's motion for a Franks hearing should be
denied.

Hon. William H. Pauley III
May 14, 2008
Page 9

**B.    The Defendant's Arguments**
       **Regarding a Warrantless Search are Irrelevant**

        The Court should summarily reject the defendant's
argument that suppression of all the physical evidence is
warranted because of a warrantless entry.  Here, there was a
lawfully issued search warrant.

**C.    Defendant Borbon's Motion to**
       **Suppress "Any Statements Made" Is Easily Dismissed**

        The defendant next moves to suppress "any" statements
taken in violation of <u>Miranda</u>, and argues for suppression based
on a purported <u>Miranda</u> violation and the <u>Wong Son</u> doctrine.
(Def. Mem. 14).  This motion is also meritless.

    **1.    Applicable Law**

        It is well-settled that a defendant who moves to
suppress evidence is not entitled to an evidentiary hearing
unless he supports his motion with "moving papers [that] are
sufficiently definite, specific, detailed, and nonconjectural to
enable the court to conclude that contested issues of fact going
to the validity of the search are in question."  <u>United States</u> v.
<u>Pena</u>, 961 F.2d 333, 339 (2d Cir. 1992); <u>see also</u> <u>United States</u> v.
<u>Roberts</u>, No. 01 Cr. 410, 2001 WL 1602123, *10 (S.D.N.Y. Dec. 14,
2001) (well-settled that defendant is not entitled to hearing
simply on filing of motion alleging violation of constitutional
rights because motion must be supported by factual basis for
alleged violations); <u>United States</u> v. <u>Urena-Pere</u>, No. 91 Cr. 964,
1992 WL 17977, *1 (S.D.N.Y. Jan. 24, 1992) (noting that
evidentiary hearing is only required when factual dispute exists
and recognizing that in order to create factual dispute,
defendant must submit sworn factual allegations from an affiant
with personal knowledge); <u>United States</u> v. <u>Viscioso</u>, 711 F. Supp.
740, 745 (S.D.N.Y. 1989) (noting that defendant only has right to
a suppression hearing when disputed issues of material fact are
shown); <u>United States</u> v. <u>Jailall</u>, No. 00 Cr. 069, 2000 WL
1368055, *8 (S.D.N.Y. Sept. 20, 2000) ("A defendant is not
automatically entitled to a suppression hearing.  The defendant
must show that disputed issues of material fact exist that
require an evidentiary hearing."); <u>United States</u> v. <u>Belin</u>, No. 99
Cr. 214, 2000 WL 679138, *5 (S.D.N.Y. May 24, 2000) (denying
motion and request for hearing where defendant failed to submit
affidavit containing factual allegations).

Hon. William H. Pauley III
May 14, 2008
Page 10


        Further, it is well settled that a defendant's
spontaneous statements "given freely and voluntarily with any
compelling influence" are admissible nothwithstanding the absence
of Miranda warnings. United States v. Compton, 428 F. 2d 18, 22
(2d Cir. 1970) (quoting Miranda v. Arizona, 384 U.S. 436, 478
(1966).  Indeed "[v]olunteered statements of any kind are not
barred by the Fifth Amendment." Miranda, 384 U.S. at 478.  See
also United States v. Vigo, 487 F. 2d 295 (2d Cir. 1973)
(voluntary statement before Miranda warnings completely read
admissible).  And a statement given by a defendant that is not in
response to questioning can only be suppressed for failure to
provide Miranda warnings where the statement was made in response
to the "functional equivalent" of interrogation.  In Rhode Island
v. Innis, 446 U.S. 291 (1980), the Supreme Court affirmed that
Miranda was limited to statements in response to interrogation,
and held that a defendant is not "interrogated" by law
enforcement unless directly questioned by officers or subject to
its "functional equivalent," defined as being subject to
statements or actions by law enforcement "reasonably likely to
evoke an incriminating response."  Id. at 301.[3]

        Following Innis, the Second Circuit has affirmed that
volunteered statements that are not the product of questioning or
its "functional equivalent" are admissible regardless of Miranda
warnings.  See United States v. Gelzer, 50 F.3d 1133, 1138 (2d
Cir. 1995) (affirming district court's decision not to suppress
volunteered statement).  See also United States v. Grayson, 2005
WL 1560478 (S.D.N.Y. 2005) (Patterson, J.) (suppression not
warranted where defendant did not contradict officer's claim that
statement was spontaneous); United States v. Medina, 1998 WL
241724, *5 (S.D.N.Y. 1998) (Scheindlin, J.) (officer's comment
that seized bag contained "a lot of money" not functional
equivalent of interrogation); United States v. Heatley, 994 F.
Supp. 475, 477 (S.D.N.Y. 1998) (Sotomayor, J.) (police comment
arguably implying case against defendant was strong held not to
constitute interrogation).  Here, there is no record evidence or

_____

        [3]    As examples of tactics "reasonably likely to evoke an
incriminating response," the Supreme Court offered situations in
which law enforcement engaged "witnesses" to falsely identify the
defendant in a line-up or accuse the defendant of a fictitious
crime in the hopes of prompting a confession to the crime under
investigation.  Id. at 291.

Hon. William H. Pauley III
May 14, 2008
Page 11

suggestion that the defendant was "interrogated" when he gave the above-statements.

### 2.    Discussion

        Motions to suppress must be definite and specific.  The defendant's is not.  His affidavit and motions papers fail to put any material fact at issue relevant to his statements through a sworn affidavit of an individual with personal knowledge. Rather, the defendant merely states that "[t]here is no doubt that Borbon was in custody when he allegedly made this statement for which the officers should have first advised BORBON of his Miranda warnings."  (Def. Mem. at 14).  But the defendant's affidavit makes no mention of his being "in custody" or whether he had or had not been apprised of his <u>Miranda</u> rights.  Without more the defendant has put no material fact at issue regarding any specific statement to warrant any hearing.

        Moreover, the defendant's vague assertion that he was "in custody" is belied by the sworn testimony Officer Maier gave to Judge Tallmer in connection with his application for the search warrant:

|  |  |
|---|---|
| THE COURT: | So what does that mean that he stated in sum and substance that he, meaning [Borbon] believes there is a semi-automatic fire arm? |
| OFFICER MAIER: | Yes, your Honor. |
| THE COURT: | I don't understand that an occupant of the apartment who . . . supposedly is growing marijuana believes that there is a semi-automatic fire arm, <u>how did you come in possession of that information</u>? |
| OFFICER MAIER: | <u>I asked if there was anything harmful in the apartment</u>? |
| THE COURT: | Was he arrested? |
| OFFICER MAIER: | Detained, <u>not</u> arrested. |

(Application for a Search Warrant for 2244 Creston Avenue, Apartment 6B, Bronx, New York, May 19, 2007 (attached as Exh. F. to Def. Mem.) (emphasis supplied)).

Hon. William H. Pauley III
May 14, 2008
Page 12

For these reasons, defendant's motion to suppress "any" statements should be denied without an evidentiary hearing.

**D.    The Government Has Complied with
       Its Rule 16 Discovery Obligations**

The Government understands and embraces its Rule 16 obligations, and has complied with them -- and more.  Indeed, the Government made its preliminary Rule 16 disclosure <u>early</u>; and it has made supplemental Rule 16 disclosures as discoverable material was within the Government's control and/or the Government became aware of the material's existence, consistent with its continuing discovery obligations.  <u>See</u> Rule 16(c), Fed. R. Crim. P.  Consistent with that continuing obligation, the Government will, if it obtains additional evidence, supplement its production of material required by Rule 16(a)(1)(A) and any other provision of Rule 16, for that matter.

<u>**Conclusion**</u>

For the reasons set forth above, defendant's motions to suppress should be summarily denied without any evidentiary hearnig.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Benjamin A. Naftalis
Assistant United States Attorney
(212) 637-2456

cc:  James Lenihan, Esq.
     Dawn Cardi, Esq.

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

N 672112

*Check only one of the below categories.*

- ☒ ARREST EVIDENCE
- ☐ INVESTIGATORY
- ☐ DECEDENT'S PROPERTY
- ☐ PEDDLER PROPERTY
- ☐ FOUND PROPERTY
- ☐ OTHER

DATE PREPARED: 05-19 YR 2007 PCT. 046

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|
| Maier | PO | ▊▊▊ | ▊▊▊ | 046 |

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| Borbon, Raul N. | | 38 | 598 W. 191 St. NY NY #45 | 1 | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 05-18-07 | B07640198 | BH CPW, CPM | ☒ | ☐ | ☐ | ☐ | 06459 |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| A/O | 2120 Ryer Ave BX NY | |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| Borbon, Raul N. | 598 W. 191 St NY NY #45 | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| PSNY | | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION | (For Property Clerk's Use Only) AND DATE |
|---|---|---|---|---|---|
| 01 | 7 | Miracle-Gro 2.5 Cu FT potting mix bags | | | |
| | | XXXAbove is complete list of items vouchered XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | TOTAL | | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles
N672115, N672116, N672117, N672118

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

Arrest evidence held in PSE# C622697.

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

| PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: | Rank | Name | Command |
|---|---|---|---|

Property Clerk's Signature

N 672112

DISTRIBUTION: WHITE - Prop. Clk. File    SECOND WHITE - Inventory Unit Copy
BLUE - Police Officer's Copy    GREEN - Evidence Release/Investigation Copy
YELLOW - Prop. Clk. Work Copy
PINK - Prisoner/Finder Receipt Copy

35

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev 5/01)-Pent

*Check only one of the below categories.*

N  672111 

☒ ARREST EVIDENCE      ☐ DECEDENT'S PROPERTY      ☐ FOUND PROPERTY
☐ INVESTIGATORY         ☐ PEDDLER PROPERTY          ☐ OTHER _____

DATE PREPARED: 5-19      YR 2007    PCT. 046

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No | Command |
|---|---|---|---|---|
| Maier | PO | ▪▪▪▪ | ▪▪▪▪ | 046 |

| Prisoner's Last Name  First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|
| Borbon, Raul N. | 38 | 598 W. 191 St Ny Ny 10040 | 1 | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 5-18-07 | B07640198H  CPM CPM | | ☒ | ☐ | ☐ | ☐ | 06459 |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| A/O | 2120 Ryer Ave BX NY | |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| Borbon, Raul N. | 598 W. 191 St NY NY 10040 | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| PSNY | | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | (For Property Clerk's Use Only) DISPOSITION          AND DATE |
|---|---|---|---|---|
| 01 | 1 | Clear bag containing approx 166 marijuana plants | | |
| XXXXXXXXAbove | is complete list of items vouchered XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

N672112, N672113, N672114, N672123, X

**R.T.O.**

| Owner's/Claimant's Signature | Date | Time | Pink  Receipt  Copy  of  Voucher  Issued  ☐ Yes  ☐ Refused |
|---|---|---|---|
| | | | Property Clerk Storage Location |

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

Arrest evidence held in clear plastic bag with peddler seal# 0942778.

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|
| | ▪▪▪▪ | | |

PROPERTY ON THIS VOUCHER DELIVERED TO
PROPERTY CLERK'S OFFICE BY:

| | Rank | Name | Command |
|---|---|---|---|
| Property Clerk's Signature | | | |

N  672111

DISTRIBUTION: WHITE - Prop. Clk. File      SECOND WHITE - Inventory Unit Copy      YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy      GREEN - Evidence Release/Investigation Copy      PINK - Prisoner/Finder Receipt Copy

36

## PROPERTY CLERK'S INVOICE

PD 521-141 (Rev 5/01)-Pent

*Check only one of the below categories.*

N 672113

☒ ARREST EVIDENCE     ☐ DECEDENT'S PROPERTY     ☐ FOUND PROPERTY

☐ INVESTIGATORY     ☐ PEDDLER PROPERTY     ☐ OTHER _____

DATE PREPARED: 5-19     YR 2007    PCT. 046

| Arresting/Assigned Officer Maier | Rank PO | Shield No. ▓▓ | Tax Reg. No. ▓▓ | Command 045 |
|---|---|---|---|---|

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| Borbon, Raul N. | | 38 | 598 W. 191 St NY NY #45 | 1 | |

| Date of Arrest 5-18-07 | Arrest No. B076401988 | Charge/Offense Under Investigation H CPW CPM | Fel. XX | Misd. ☐ | J.D. ☐ | Viol. ☐ | Complaint No. 06459 |
|---|---|---|---|---|---|---|---|

| Finder of Property A/O | Address (Include City, State, Zip Code, Apt.) 2120 Ryer Ave Bx NY | Telephone No. |
|---|---|---|
| Owner's Name (See Instructions) Borbon, Raul N. | Address (Include City, State, Zip Code, Apt.) 598 W. 191 St NY NY #45 | Telephone No. |
| Complainant's Name PSNY | Address (Include City, State, Zip Code, Apt.) | Telephone No. |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION (For Property Clerk's Use Only) | AND DATE |
|---|---|---|---|---|---|
| 01 | 2 | fertilizer bottles | | | |
| 02 | 7 | marijuana growing books | | | |
| 03 | 1 | black plastic bag that contained 22 cal firearm and live rnds | | | |
| 04 | 1 | tan electronic scale | | | |
| XXXXX | | Above is complete list of items vouchered XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | TOTAL | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: *Briefly explain why the property was taken into custody (see Instructions on BACK OF BLUE COPY)*

Arrest evidence held in PSE# C622699.

| Rank and Signature of Desk Officer | Tax No. ▓▓ | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|
| PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: | Rank | Name | Command |

Property Clerk's Signature

N 672113

DISTRIBUTION: WHITE - Prop. Clk. File    SECOND WHITE - Inventory Unit Copy    YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy    GREEN - Evidence Release/Investigation Copy    PINK - Prisoner/Finder Receipt Copy

PD 521-141 (Rev 5/01)-Pent

## PROPERTY CLERK'S INVOICE

*Check only one of the below categories.*

N 672110

☒ ARREST EVIDENCE   ☐ DECEDENT'S PROPERTY   ☐ FOUND PROPERTY
☐ INVESTIGATORY   ☐ PEDDLER PROPERTY   ☐ OTHER

DATE PREPARED: 5-19   YR 2007   PCT. 046

| Arresting/Assigned Officer Maier | Rank PO | Shield No. | Tax Reg. No. | Command 046 |
|---|---|---|---|---|

| Prisoner's Last Name Borbon, Raul N. | First | Age 38 | Address (Include City, State, Zip Code, Apt.) 598 W. 191 St Ny NY #45 | No. of Prisoners 1 | Acc./Aided # |
|---|---|---|---|---|---|

| Date of Arrest 5-18-07 | Arrest No. B07640198H | Charge/Offense Under Investigation CPW CPW | Fel. ☒ | Misd. ☐ | J.O ☐ | Viol. ☐ | Complaint No. 06459 |
|---|---|---|---|---|---|---|---|

| Finder of Property Lt. McMahon | Address (Include City, State, Zip Code, Apt.) 2120 Ryer Ave BX NY | Telephone No. |
|---|---|---|

| Owner's Name (See Instructions) Borbon, Raul N. | Address (Include City, State, Zip Code, Apt.) 598 W. 191 St NY NY apt #45 | Telephone No. |
|---|---|---|

| Complainant's Name PSNY | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION (For Property Clerk's Use Only) | AND DATE |
|---|---|---|---|---|---|
| 01 | 1 | a black xkk .22 caliber firearm | | | |
| 02 | 1 | live .22 cal round from chamber of item #01 | | | |
| 03 | 1 | black magazine for item # 01 | | | |
| 04 | 5 | five live .22 cal rounds recovered from black plastic bag | | | |
| xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxAbove is complete list of items vouchered xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx | | | | | |
| | | | TOTAL | | |

| Additional Invoice Nos. Related to This Case Including Motor Vehicles N672112, N672113, N672114, N672115 | Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused |
|---|---|

| R.T.O. | Owner's/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

Arrest evidence held in PSE#E759479.

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY: | Rank | Name | Command

Property Clerk's Signature

N 672110

DISTRIBUTION: WHITE - Prop. Clk. File   SECOND WHITE - Inventory Unit Copy   YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy   GREEN - Evidence Release/Investigation Copy   PINK - Prisoner/Finder Receipt Copy

38

PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

N 672123

Check only one of the below categories.

☐ ARREST EVIDENCE   ☐ DECEDENT'S PROPERTY   ☐ FOUND PROPERTY

☐ INVESTIGATORY   ☐ PEDDLER PROPERTY   ☒ OTHER

| DATE PREPARED: 5/19 | | YR 2007 | PCT. 046 |
|---|---|---|---|

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|
| maier | PO | | | 046 |

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| borbon | raul | 38 | 2244 creston ave, bx, ny  6b | | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 5/18/07 | 40198 | cpw/cpm | ☒ | ☐ | ☐ | ☐ | 6459 |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| maier | n/a | |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| borbon       raul | 2244 creston ave, bx,ny  6b | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| nany | n/a | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | | (For Property Clerk's Use Only) DISPOSITION | AND DATE |
|---|---|---|---|---|---|---|
| 01 | 01 | cell phone | | | | |
| 02 | 01 | cell phone battery | | | | |
| 03 | 01 | black gshock watch | | | | |
| 04 | 01 | black wallet | | | | |
| 05 | 10 | assorted papers | | | | |
| 06 | 01 | keychain w/18 keys | | | | |
| 07 | 01 | keychain w/18 keys | | | | |
| 08 | 01 | envelope containing assorted credit cards & papers | | | | |
| | | xxxxxxabove is a complete list of property voucheredxxxxxxx | | | | |
| | | TOTAL | | | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink  Receipt  Copy  of  Voucher Issued  ☐ Yes  ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: Briefly explain why the property was taken into custody (see Instructions on BACK OF BLUE COPY).

pse # e759191

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY:

| | Rank | Name | Command |
|---|---|---|---|

Property Clerk's Signature

N 672123

DISTRIBUTION:  WHITE - Prop. Clk. File   SECOND WHITE - Inventory Unit Copy   YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy   GREEN - Evidence Release/Investigation Copy   PINK - Prisoner/Finder Receipt Copy

39

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

*Check only one of the below categories.*

N  672114

☒ ARREST EVIDENCE     ☐ DECEDENT'S PROPERTY     ☐ FOUND PROPERTY

☐ INVESTIGATORY     ☐ PEDDLER PROPERTY     ☐ OTHER ____

DATE PREPARED: 05/19/07     YR  2007     PCT. 046

| Arresting/Assigned Officer | | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|---|
| maier, k | | p.o. | ▓▓▓ | ▓▓▓▓▓▓ | 046 |

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|---|
| borbon, raul | | 38 | i/o 2244 creston ave # 6B | | 01 | |

| Date of Arrest | Arrest No | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 05/18/07 | 40198H | p.l. 221.18221.25 | ☒ | ☒ | ☐ | ☐ | 6459 |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| maier, k | 2120 ryer ave | 7182205211 |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| borbon, raul | 2244 creston ave # 6B | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| PSNY | | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | (For Property Clerk's Use Only) DISPOSITION AND DATE |
|---|---|---|---|---|
| 01 | 01 | blue vest carrier | | |
| 02 | 01 | gun cleaning kit | | |
| 03 | 01 | bundle of mylar planting bags | | |
| 04 | 02 | pieces deft mail | | |
| 05 | 01 | deft passport # 002332741-99 | | |
| 06 | 01 | deft resident alien card # A31039321 | | |

xxxxxxxxxxxxxxxxxxxabove is a complete list of all items to be voucheredddddddddddxxxxxxxxxxxxxx

| | | TOTAL | | |
|---|---|---|---|---|

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued  ☐ Yes  ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

arrest evidence pse # C622700

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY.

| | Rank | Name | Command |
|---|---|---|---|

Property Clerk's Signature

N  672114

DISTRIBUTION: WHITE - Prop. Clk. File     SECOND WHITE - Inventory Unit Copy     YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy     GREEN - Evidence Release/Investigation Copy     PINK - Prisoner/Finder Receipt Copy

40

PD 521-141 (Rev. 5/01)-Pent

*Check only one of the below categories.*

**N 672120**

☒ ARREST EVIDENCE      ☐ DECEDENT'S PROPERTY      ☐ FOUND PROPERTY
☐ INVESTIGATORY         ☐ PEDDLER PROPERTY
                                                    ☐ OTHER

DATE PREPARED:  **5/19**      YR **2007**  PCT. **046**

| Arresting/Assigned Officer | | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|---|
| **maier** | | **PO** | | | **045** |

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| **borbon** | **raul** | **38** | **2244 creston ave, bx, ny  5b** | **02** | |

| Date of Arrest | Arrest No | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| **5/18/07** | **40198** | **cpw/cpm** | ☒ | ☐ | ☐ | ☐ | **5459** |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| **maier** | **n/a** | |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| **borbon** **raul** | **2244 creston ave, bx, ny   5b** | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| **nany** | **n/a** | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION (For Property Clerk's Use Only) AND DATE |
|---|---|---|---|---|
| ~~01~~ | ~~03~~ | ~~4" in-line duct fan~~ | | |
| ~~02~~ | ~~01~~ | ~~large buch mylar planting holder~~ | | |
| ~~03~~ | ~~02~~ | ~~garden shears~~ | | |
| ~~04~~ | ~~13~~ | ~~assorted mail and paperwork/shipping receipts~~ | | |
| ~~05~~ | ~~01~~ | ~~ziplock bag containing smaller ziplock bags~~ | | |
| ~~06~~ | ~~02~~ | ~~instructional books for growing marijuana~~ | | |
| | | xxxxxxxxxabove is a complete list of proeprty voucheredxxxxxxxxxx | | |
| | | | TOTAL | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink  Receipt  Copy  of  Voucher Issued ☐ Yes  ☐ Refused

| **R.T.O.** | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS. *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

pse # c622797

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO      Rank      Name      Command
PROPERTY CLERK'S OFFICE BY.

Property Clerk's Signature

**N 672120**

DISTRIBUTION: WHITE - Prop. Clk. File      SECOND WHITE - Inventory Unit Copy      YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy      GREEN - Evidence Release/Investigation Copy      PINK - Prisoner/Finder Receipt Copy

41

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pent

*Check only one of the below categories.*

N 672121

☑ ARREST EVIDENCE　　　☐ DECEDENT'S PROPERTY　　　☐ FOUND PROPERTY

☐ INVESTIGATORY　　　☐ PEDDLER PROPERTY　　　☐ OTHER

| DATE PREPARED: | 5/19 | YR 2007 | PCT. 046 |
|---|---|---|---|

| Arresting/Assigned Officer | maier | Rank PO | Shield No. | Tax Reg. No. | Command 046 |
|---|---|---|---|---|---|

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| borbon | raul | 38 | 2244 creston ave bx, ny 6b | 02 | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.O. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 5/18/07 | 40198 | cpw/cpm | ☑ | ☐ | ☐ | ☐ | 6459 |

| Finder of Property | maier | Address (Include City, State, Zip Code, Apt.) n/a | Telephone No. |
|---|---|---|---|

| Owner's Name (See Instructions) | borbon raul | Address (Include City, State, Zip Code, Apt.) 2244 creston ave, bx,ny 6b | Telephone No. |
|---|---|---|---|

| Complainant's Name | psny | Address (Include City, State, Zip Code, Apt.) n/a | Telephone No. |
|---|---|---|---|

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | (For Property Clerk's Use Only) DISPOSITION | AND DATE |
|---|---|---|---|---|---|
| 01 | 01 | hydrofarm electronic ballast seal # 0942769 | | | |
| 02 | 01 | hydrofarm electronic ballast seal # 0942783 | | | |
| 03 | 01 | hydrofarm electronic ballast seal # 0942728 | | | |
| 04 | 01 | hydrofarm electronic ballast seal # 0942730 | | | |
| 05 | 01 | hydrofarm electronic ballast seal # 0942771 | | | |
| 06 | 01 | hydrofarm electronic ballast seal # 0942747 | | | |
| | | xxxxxxxxxabove is a complete list of property voucheredxxxxxxx | | | |
| | | TOTAL | | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

peddler seal # 0942769/83/28/30/71/47

| Rank and Signature of Desk Officer | Tax | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY.

| Rank | Name | Command |
|---|---|---|

Property Clerk's Signature

N 672121

DISTRIBUTION: WHITE - Prop. Clk. File　SECOND WHITE - Inventory Unit Copy　YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy　GREEN - Evidence Release/Investigation Copy　PINK - Prisoner/Finder Receipt Copy

42

# PROPERTY CLERK'S INVOICE

PD 521-141 (Rev. 5/01)-Pont

*Check only one of the below categories.*

**N 672122**

- ☑ ARREST EVIDENCE
- ☐ DECEDENT'S PROPERTY
- ☐ FOUND PROPERTY
- ☐ INVESTIGATORY
- ☐ PEDDLER PROPERTY
- ☐ OTHER _____

DATE PREPARED: **5/19**    YR **2007**    PCT. **046**

| Arresting/Assigned Officer | Rank | Shield No. | Tax Reg. No. | Command |
|---|---|---|---|---|
| maier | PO | ▓▓▓ | ▓▓▓ | 046 |

| Prisoner's Last Name | First | Age | Address (Include City, State, Zip Code, Apt.) | No. of Prisoners | Acc./Aided # |
|---|---|---|---|---|---|
| borbon | raul | 38 | 2244 creston ave bx, ny 6b | 02 | |

| Date of Arrest | Arrest No. | Charge/Offense Under Investigation | Fel. | Misd. | J.D. | Viol. | Complaint No. |
|---|---|---|---|---|---|---|---|
| 5/18/07 | 40198 | cpw/com | ☑ | ☐ | ☐ | ☐ | 5459 |

| Finder of Property | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| maier | n/a | |

| Owner's Name (See Instructions) | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| borbon       raul | 2244 creston ave, bx,ny 6b | |

| Complainant's Name | Address (Include City, State, Zip Code, Apt.) | Telephone No. |
|---|---|---|
| nsny | n/a | |

| ITEM NO. | QUANTITY | ARTICLE | CASH VALUE U.S. Currency Only | DISPOSITION (For Property Clerk's Use Only) | AND DATE |
|---|---|---|---|---|---|
| 01 | 01 | white bell lighting technologies lamp seal # 0942725 | | | |
| 02 | 01 | white bell lighting technologies lamp seal # 0942752 | | | |
| 03 | 01 | white bell lighting technologies lamp seal # 0942779 | | | |
| 04 | 01 | white bell lighting technologies lamp seal # 0942736 | | | |
| 05 | 01 | white bell lighting technologies lamp seal #a 0942760 | | | |
| 06 | 01 | white bell lighting technologies lamp seal # 0942715 | | | |
| | | xxxxxxxxabove is a complete list of property voucheredxxxxxxx | | | |
| | | | | | |
| | | | | | |
| | | | TOTAL | | |

Additional Invoice Nos. Related to This Case Including Motor Vehicles

Pink Receipt Copy of Voucher Issued ☐ Yes ☐ Refused

| R.T.O. | Owner/Claimant's Signature | Date | Time | Property Clerk Storage Location |
|---|---|---|---|---|

REMARKS: *Briefly explain why the property was taken into custody (see instructions on BACK OF BLUE COPY).*

peddler seal # 0942725/52/79/60/36/15

| Rank and Signature of Desk Officer | Tax No. | Signature of Arresting/Assigned Officer | Boro Storage No. |
|---|---|---|---|

PROPERTY ON THIS VOUCHER DELIVERED TO PROPERTY CLERK'S OFFICE BY:    Rank    Name    Command

Property Clerk's Signature

**N 672122**

DISTRIBUTION: WHITE - Prop. Clk. File    SECOND WHITE - Inventory Unit Copy    YELLOW - Prop. Clk. Work Copy
BLUE - Police Officer's Copy    GREEN - Evidence Release/Investigation Copy    PINK - Prisoner/Finder Receipt Copy

43